**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| AMICA MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. |
| | ) |
| JOHN DOE, UNKNONWN | ) |
| ADMINISTRATOR OF THE | ) |
| ESTATE OF M.R., | ) |
| | )     **JURY TRIAL DEMANDED** |
| and | ) |
| | ) |
| T.M., | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Amica Mutual Insurance Company, by and through undersigned counsel, pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure and for its Complaint for Declaratory Judgment, states as follows:

### PARTIES AND JURISDICTION

1.     Amica Mutual Insurance Company ("Amica") is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in Lincoln, Rhode Island.

2.     M.R. was at all relevant times a citizen and resident of the State of Missouri, residing in Franklin County.  M.R. passed away on Saturday, March 26, 2016.  No estate has yet been opened; however, there is currently a probate action pending to appoint an administrator of M.R.'s estate.

3.     Defendant T.M. was at all relevant times a citizen and resident of the State of Missouri, residing in Gasconade County.  T.M. is a 25 year old mentally disabled individual under guardianship.

4.     At all times material hereto, M.R. was a named insured on a policy of insurance issued by Amica.

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interest, and attorney's fees, and there exists complete diversity of citizenship.

6.     Venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(a) because Defendants reside in this District and events giving rise to this lawsuit occurred in this District.

### GENERAL ALLEGATIONS

7.     Amica brings this action seeking an interpretation of the insurance policy described herein and a declaration of the rights and obligations of the parties thereunder.

8.     An actual justiciable controversy exists between the parties and litigation as to this controversy is imminent and inevitable.  Resolution of matters raised in this action will dispose of all issues between the parties under the subject insurance policy.

9.     All necessary and proper parties are before the Court for the matters in controversy, and there is no other litigation between the parties concerning their rights and obligations under the subject insurance policy.

10.     Amica has complied with all conditions precedent under the insurance policy and has no other adequate remedy at law.

### THE INSURANCE POLICY

11.     Amica issued a homeowner's policy, policy number 620724-20KA, with effective dates July 6, 2011 to July 6, 2012, to M.R.

### GROUNDS FOR DECLARATORY JUDGMENT

12.     On August 5, 2016, Amica received a time sensitive demand letter from T.M.'s attorneys alleging that from January 2012 through March 2012, while the policy was allegedly in full force and effect, M.R. repeatedly sexually molested T.M., subjected T.M. to physical and emotional abuse and drugged T.M.

13.     Specifically, T.M. alleges that she and M.R. engaged in frequent sexual encounters which were recorded and shown to others without her consent and even included another individual.  Due to the rough nature of these interactions, it is also alleged that T.M. required hospitalization for anal tearing on at least one occasion.  T.M. also alleges that on at least one occasion she was drugged by M.R.  T.M. claims that M.R. invaded and violated her privacy and caused her severe emotional harm and that she continues to suffer from humiliation, indignity, disgrace, stress, fear, mental suffering and anxiety.

14.     The August 5, 2016 letter demanded settlement for $2,700,000 or the combined total of all applicable homeowner's liability insurance limits and advised that the demand only remained open until 5:00 p.m. on September 5, 2016.

15.     A Federal Indictment was brought against M.R. arising out of his interactions with T.M., charging him with engaging in acts that resulted in bodily injury, including aggravated sexual abuse.

16.     The following provisions, *inter alia*, of the policy apply and bar coverage in this case:

3

HOMEOWNERS 3 – SPECIAL FORM

\*\*\*

DEFINITIONS

\*\*\*

2.      "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

\*\*\*

8.      "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

a.      Bodily injury; or

b.      Property damage.

\*\*\*

SECTION II – EXCLUSIONS

\*\*\*

E.      Coverage E – Personal Liability and Coverage F – Medical Payments to Others

Coverages E and F do not apply to the following:

1.      Expected Or Intended Injury

Bodily injury or property damage which is expected or intended by an insured even if the resulting bodily injury or property damage:

a.      Is of a different kind, quality or degree than initially expected or intended; or

b.      Is sustained by a different person, entity, real or personal property, than initially expected or intended.

However, this Exclusion E.1. does not apply to bodily injury resulting from the use of reasonable force by an insured to protect persons or property.

4

\*\*\*

7.      Sexual Molestation, Corporal Punishment Or Physical Or Mental Abuse

Bodily injury or property damage arising out of sexual molestation, corporal punishment or physical or mental abuse; or

8.      Controlled Substance

Bodily injury or property damage arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a Controlled Substance as defined by the Federal Food and Drug Law at 21 U.S.C.A. Sections 811 and 812.  Controlled Substances include but are not limited to cocaine, LSD, marijuana, and all narcotic drugs.  However, this exclusion does not apply to the legitimate use of prescription drugs by a person following the orders of a licensed physician.

\*\*\*

## SECTION II – CONDITIONS

A.      Limit Of Liability

Our total liability under Coverage E for all damages resulting from any one occurrence will not be more than the Coverage E limit of liability shown in the Declarations.  This limit is the same regardless of the number of insureds, claims made or persons injured.  All bodily injury and property damage resulting from any one accident or from continuous or repeated exposure to substantially the same general harmful conditions shall be considered to be the result of one occurrence.

\*\*\*

## SPECIAL PROVISIONS – MISSOURI

\*\*\*

## SECTION II – EXCLUSIONS

E.      Coverage E – Personal Liability and Coverage F – Medical Payments To Others

\*\*\*

The following exclusion is added in all forms and Endorsement HO 24 73:

We do not provide coverage for: fines, penalties, double or treble damages; punitive, exemplary or vindictive damages; or any other type of added damages intended to punish or deter wrongful conduct rather than as compensation for actual damages.

*** 

17.     Based on facts and circumstances surrounding the alleged interactions between T.M. and M.R., there is no coverage for T.M.'s claims, damages or injuries under M.R.'s policy because the alleged acts and any resulting damages and injuries do not constitute an occurrence or accident under the policy.

18.     Based on facts and circumstances surrounding the alleged interactions between T.M. and M.R., there is no coverage for T.M.'s claims, damages or injuries under M.R.'s policy because the alleged acts and any resulting damages and injuries were intentional or expected, not accidental.

19.     Based on facts and circumstances surrounding the alleged interactions between T.M. and M.R., there is no coverage for T.M.'s claims, damages or injuries under M.R.'s policy because the alleged acts constitute sexual molestation and any resulting damages or injuries were the result of sexual molestation.

20.     Based on facts and circumstances surrounding the alleged interactions between T.M. and M.R., there is no coverage for T.M.'s claims, damages or injuries under M.R.'s policy because the alleged acts constitute physical abuse and any resulting damages or injuries were the result of physical abuse.

21.     Based on facts and circumstances surrounding the alleged interactions between T.M. and M.R., there is no coverage for T.M.'s claims, damages or injuries under M.R.'s policy because the alleged acts constitute emotional abuse and any resulting damages or injuries were the result of emotional abuse.

22.     Based on facts and circumstances surrounding the alleged interactions between T.M. and M.R., there is no coverage for T.M.'s claims, damages or injuries under M.R.'s policy because the alleged acts constitute use of a controlled substance and any resulting damages or injuries were the result of use of a controlled substance.

23.     Based on facts and circumstances and the language of Amica's policy, there is no coverage for T.M.'s claims, damages or injuries under the policy.  However, if this Court were to find that coverage does exist, Amica is fully ready, willing and able to issue payment to T.M. for the full amount of damages under the policy, up to the policy limits.

WHEREFORE, Plaintiff Amica Mutual Insurance Company respectfully requests that this Court: (1) determine the rights and obligations of the parties under the policy and enter a judgment construing the policy, including the applicable coverage provisions, exclusions and conditions thereunder, in favor of Plaintiff; and (2) grant any and all such further relief this Court deems just and proper under the circumstances.

Respectfully submitted,


/s/ Robert W. Cockerham
Robert W. Cockerham #31984
COCKERHAM & ASSOCIATES, L.L.C.
10803 Olive Blvd.
St. Louis, MO 63141
314-621-3900
Fax:  314-621-3903
rcockerham@cockerhamlaw.com


Attorneys for Plaintiff Amica Mutual
Insurance Company

7